**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| JAMIE DURBIN individually, and as conservator for his mother, JOAN DURBIN<br><br>Plaintiff,<br><br>-vs-<br><br>Welcov Healthcare, LLC,<br><br>Defendant. | Cause No. 4:17-cv-00062-BMM<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF AND LE SUBTENANT HOLDING, LLC** |

Based on the Parties' Stipulation for Protective Order, THE COURT HEREBY ISSUES THE FOLLOWING:

### **STIPULATED PROTECTIVE ORDER**

1. Plaintiff hereby warrants, covenants, and agrees that that the following documents produced are Confidential Documents subject to the Protective Order:

    (1) Unredacted portions of the May 15, 2017 First Amendment to Operating Agreement (LE Subtenant Holding, LLC) (Bates number

SUB000021 to SUB000022).

Should the Party to whom Confidential Document(s) or Confidential Information has been produced wish to thereafter disclose those Confidential Document(s) or Confidential Information publicly and for any purposes outside the above-captioned litigation, the Party shall first provide the Party who produced the Confidential Document(s) or Confidential Information with a written request containing:

(a) The Confidential Document(s) or Confidential Information the Party desires to disclose;

(b) The identity of the person(s) to whom the Party intends to disclose the Confidential Document(s) or Confidential Information; and

(c) The Party's reason for disclosure of the Confidential Document(s) or Confidential Information.

If the Party who produced the Confidential Document(s) or Confidential Information does not consent to their disclosure within a reasonable amount of time, the requesting Party may, at its sole discretion, move the Court for an Order allowing release of the designated Confidential Document(s) or Confidential Information publicly subject to reasonable conditions.

2. A Party to whom a Confidential Document has been produced through discovery shall not give, distribute, disclose and/or otherwise reveal that Confidential Document to any non-party unless such distribution or disclosure is necessary for the prosecution of the claims herein or the defense to those claims and unless the non-party to whom such necessary distribution or disclosure is made, first signs a written confidentiality agreement wherein

that non-party:

    (a)    Promises to keep the Confidential Document strictly private and confidential;

    (b)    Promises not to copy, distribute, disclose and/or otherwise reveal the Confidential Document or any Confidential Information contained therein to any other person or entity. This disclosure limitation is not intended to limit any non-party's disclosure of a Confidential Document or any Confidential Information contained therein to that non-party's staff, experts, employees or partners, disclosure to whom is reasonably necessary for purposes of that non-party's tasks or involvement in the above-captioned litigation. Such non-party's signature on the Confidentiality Agreement shall warrant and covenant that he or she is signing on behalf of his/her staff, employees, partners and company, and that all such persons and entities to whom the non-party reveals the Confidential Document and/or any Confidential Information contained therein shall be provided a copy of the Confidentiality Agreement and the Protective Order and that each such staff, employee, partner and company shall be subject to and will abide by the Confidentiality Agreement and the Protective Order.

    (c)    Promises not to use any Confidential Information learned or obtained from the Confidential Document for any purposes other than the purposes of the litigation in the above-captioned matter; and

    (d)    Agrees to be subject to all of the terms of the Protective Order.

A party's use of a confidentiality agreement that is the same as the Confidentiality Agreement attached hereto as ***Exhibit A*** shall satisfy the requirements set forth in ¶2.

3. Each Party shall keep the written confidentiality agreements they obtain from non-parties. However, to protect the Parties' respective attorney-client communications and/or the work-product of the Parties' respective attorneys, a party is under no obligation to disclose or reveal their confidentiality agreements to any of the other Parties unless this Court, or other court of competent jurisdiction, issues an order requiring the Party to disclose or reveal their confidentiality agreements to the other Party.

4. Nothing in the Protective Order shall be deemed or construed so as to limit, restrict, exclude and/or otherwise affect any Party's right or ability to use any Confidential Document or Confidential Information contained therein, as part of their prosecution and/or defense of this action. Nothing in the Protective Order shall be deemed or construed so as to limit, restrict, exclude and/or otherwise affect any person's ability to provide any testimony or opinion as to any Confidential Document and/or any Confidential Information contained therein. Furthermore, nothing in the Protective Order shall be deemed or construed so as to limit, restrict, exclude and/or otherwise affect the credibility, admissibility, relevance and/or weight of any Confidential Document and/or information contained therein.

5. To protect the Parties' respective attorney-client communications and/or the work product of the parties' respective attorneys, a Party shall be under no obligation to return any Confidential Documents, or copies thereof to the Party that produced such documents after this lawsuit has been concluded. However:

(a) The terms of the Protective Order shall remain in full force and effect after this lawsuit has been concluded and any and all appeals have been

exhausted;

(b)  The Parties are ordered not to give, disclose, distribute and/or otherwise reveal any Confidential Document or Confidential Information contained therein to any non-party after this lawsuit has been concluded and any and all appeals have been exhausted; and

(c)  Any non-party, to whom any Confidential Document or any Confidential Information contained therein was disclosed, must return copies of all such Confidential Documents and any Confidential Information contained therein, and any summaries thereof, to the party who disclosed to the non-party within two weeks of the conclusion of the above-captioned litigation. If a non-party to whom any Confidential Document or Confidential Information was disclosed fails or refuses to return the Confidential Document or Confidential Information to the disclosing Party within two weeks of the conclusion of the above-captioned litigation, the Party who disclosed the Confidential Document or Confidential Information to the non-party must, within 30 days of the failure or refusal, notify the other Party or Parties of that non-party's failure/refusal to return Confidential Documents.

It shall be the responsibility of the disclosing Party to undertake reasonable efforts to insure that the terms set forth in ¶5(c) are complied with in a timely manner. If a non-party refuses or fails to return the Confidential Document(s) and/or all Confidential Information contained therein to the disclosing Party, the disclosing Party shall notify the other Party or Parties about the non-party's refusal and/or failure to return Confidential Document(s) and/or all Confidential Information.

6.  For purposes of the Protective Order, the following terms are

defined as follows:

(a) The term "Party" and/or "Parties" means and refers, collectively and individually, to:

(1) The Plaintiff, Jaime Durbin, individually and as conservator for his mother, Joan Durbin;

(2) LE Subtenant Holding, LLC, a nonparty to this action;

(3) Any person or entity that is subsequently named and/or joined as either a plaintiff, defendant, third-party claimant, third-party defendant, intervener and/or other party to this action;

(4) The signatories to this Stipulated Motion for Protective Order;

(5) Any attorney and/or law firm that has appeared in this litigation and has been hired and/or retained to represent any of the persons or entities described in ¶6(a)(1)-(3) above in this action, including such attorney's and/or law firm's secretaries, paralegals, clerks and/or other support staff.

(b) The term "Confidential Information" means and refers to the documents described in ¶1, which contain confidential information revealing the internal structure of LE Subtenant Holding, LLC's business operations and financing. The term "Confidential Information" does not include or refer to any information that is in the public domain or that has been freely published, distributed, disseminated, disclosed and/or otherwise revealed to the public.

7. The terms of the Protective Order shall automatically be effective against any person or entity that is subsequently named and/or joined as either a plaintiff, defendant, third-party claimant, third-party defendant, intervener

and/or other Party to this action.

DATED this  23  day of  January        , 201 8 .

_____
Hon. Brian Morris
United States District Court Judge

cc: Jon G. Beal, Esq.
    Torger Oaas, Esq.