# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JAIME [*sic*] DURBIN individually, and as conservator for his mother, JOAN DURBIN, | CV-17-62-GF-BMM |
| Plaintiff, | ORDER |
| vs. | |
| Welcov Healthcare, LLC, Lewiston Healthcare #2, LLC d/b/a The Villa Assisted Living at Valle Vista, | |
| Defendants, | |

Defendant Lewiston Health Care #2, LLC ("LHC") has filed a motion to dismiss the Fourth Amended Complaint filed by Plaintiff Jaime Durbin ("Durbin") based on a lack of subject matter jurisdiction. (Doc. 112). Defendant Welcov Healthcare, LLC ("Welcov") likewise has filed a motion to dismiss the Fourth Amended Complaint for failure to state a claim. (Doc. 110). The Court conducted a hearing on these motions on October 1, 2019.

1

## Background

Joan Durbin ("Ms. Durbin") is a citizen of Montana who resided at The Villa Assisted Living at Valle Vista ("The Villa"). (Doc. 113 at 4). Ms. Durbin was twice injured when she fell at The Villa. The first fall took place on December 5, 2016, and again on January 22, 2017. (Doc. 65 ¶ 13).

Durbin filed a complaint against Welcov, an Arizona LLC, in this Court in which he alleged that Welcov owned and operated The Villa. (Doc. 1). LHC sought to intervene as a necessary and indispensable party. (Doc. 75-76). Durbin amended his complaint and added LHC as a defendant before the Court had ruled on LHC's motion to intervene. (Doc. 103). The Court now has before it Durbin's Fourth Amended Complaint.

LHC represents that it owns and operates The Villa, employs all staff at The Villa, and maintains the premises of The Villa. (Doc. 105 at 3). The parties agree that LHC exists as an LLC organized under the laws of Montana with LE Subtenant Holding LLC as the sole owning member ("LE Subtenant"). (Doc. 95). The parties further agree that LE Subtenant, in turn, is a citizen of Minnesota. (Doc. 95, Ex. 1-2).

## Subject Matter Jurisdiction

A federal court's diversity jurisdiction extends "to all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of

different States." 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction depends on the form of the entity in cases where an entity rather than a person is a litigant. Congress has determined that a corporation qualifies as a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it incorporated.  28 U.S.C. § 1332(c)(1).  The Supreme Court has determined that an unincorporated association, such as a limited partnership, possesses the citizenships of all its members.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196, (1990).

A Limited Liability Corporation ("LLC") possesses attributes of both a partnership and a corporation.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2009).   Despite possessing some traits that resemble a corporation, every circuit that has addressed the issue treats an LLC like a partnership "for the purposes of diversity jurisdiction."  *Id.*; *3123 SMB LLC v. Horn,* 880 F.3d 461, 465 (9th Cir. 2018); *See Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.,*357 F.3d 827, 828–29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship,* 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998).  The Ninth

Circuit joined all other circuits in treating an LLC as a citizen of every state of which its owners and members are citizens. *Johnson*, 437 F.3d at 899.

**Discussion**

LHC argues that an LLC organized under Montana law must be treated as a corporation for purposes of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 105 at 15). LHC points to the unique nature of the Montana Limited Liability Company Act ("the Act") as justification for this Court to ignore the controlling Ninth Circuit precedent in *Johnson*. The Act requires an LLC organized under Montana law to file its organizational documents and records with the Montana Secretary of State. MCA § 35-8-108(2). The Act further directs that Montana law will regulate a Montana LLC's organization and affairs. (Doc. 105 at 16-17). Corporations in Montana must file similar reports and remain subject to similar organizational regulations. (Doc. 105 at 16).

LHC argues that similar filing mechanisms and regulations that govern a Montana LLC and a Montana corporation illustrate the uniquely corporate characteristics in a Montana LLC. Accordingly, LHC argues that this Court must treat an LLC organized under Montana law like a corporation for purposes of diversity jurisdiction under § 1332. This rational would require the Court to

conclude that an LLC stands as a separate entity distinct from its members for purposes of § 1332. (Doc. 105 at 17). LHC failed to explain how the Act differs in any material way from the laws of other states that allow for the formation of an LLC.

LHC nevertheless asks this Court to look past the Ninth Circuit decision in *Johnson*. LHC claims repeatedly that the Ninth Circuit premised *Johnson* on the "common law presumption that unincorporated associations are not legal entities independent of their members." (Doc. 105 at 18-19) (*citing Johnson*, 437 F.3d at 899)). LHC points to the decision of the Montana Supreme Court in *Beach v. State*, 348 P.3d 629 (2015), to support the undisputed proposition that a law passed by the Montana legislature replaces the common law that previously controlled the issue. No action of the Montana legislature to create any kind of unique corporate form overcomes the authority of Congress, however, to establish the parameters of diversity jurisdiction under § 1332. This Court lacks the ability to ignore applicable law within the Ninth Circuit that supports the very rule that LHC seeks to hurdle.

The Ninth Circuit recently remanded a case to the district court in *Stalwart Capital, LLC v. iCap Pac. Nw. Opportunity & Income Fund, LLC*, 715 F. App'x 794, 794 (9th Cir. 2018), where a New Jersey LLC sued two Washington LLCs based on diversity of jurisdiction. The Ninth Circuit refused on appeal to analyze

the merits of the case until the district court determined that diversity jurisdiction properly had been grounded. *Id.* The Ninth Circuit instructed the district court on remand to apply the principles in *Johnson* to ascertain the citizenship of each of the LLC's owning members in order to evaluate diversity jurisdiction properly. *Id.* at 795.

The Ninth Circuit in *Keehan Tennessee Investments, LLC v. Guardian Capital Advisors, Inc.*, 692 F. App'x 445, 446 (9th Cir. 2017), determined that the district court lacked diversity jurisdiction under § 1332. Plaintiff originally had filed its case in state court. *Id.* at 445. Defendant removed the action to the federal district court on the basis of diversity jurisdiction under § 1332. *Id.* The Ninth Circuit concluded, based on the principles of *Johnson*, that the defendant had failed to "allege facts regarding the citizenships of the members of Plaintiff LLCs" that would support diversity jurisdiction under § 1332. *Id.* at 446 (*citing Johnson*, 437 F.3d at 899). The Ninth Circuit reversed the district court's decision with direction to vacate the judgement due to the defendant's failure to allege that the plaintiff LLC's members were citizens of other states. *Id.*

The Ninth Circuit likewise analyzed an LLC's citizenship for purposes of diversity jurisdiction under § 1332 in *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018). The LLC at issue had been organized and registered under the laws of Missouri with a single owning member. *Id.* at 464. The Ninth Circuit

6

cited *Johnson* and concluded that the sole owning member's citizenship would dictate the LLC's citizenship for purposes of diversity jurisdiction. *Id.* at 465 (*citing Johnson*, 437 F.3d at 899).

LHC correctly notes that the Supreme Court never has ruled directly on an LLC's citizenship for purposes of establishing diversity jurisdiction under § 1332. This fact simply highlights the "Supreme Court's consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations." *Johnson*, 437 F.3d at 899. The Supreme Court's decision in *Carden v. Arkoma*, 494 U.S. 185, 195-196 (1990), remains the controlling authority regarding the citizenship of non-corporate entities for purposes of § 1332.

*Carden* treated a limited partnership as having the citizenship of all its members. *Id.* The Supreme Court carefully distinguished the process of determining citizenships of corporations from determining citizenships of non-corporate entities. *Id.* at 188-89. The Supreme Court upheld the rule that a non-corporate entity, though possessing some "'characteristics of a corporation' and deemed a 'citizen' by the law creating it—may not be deemed a 'citizen' under the jurisdictional rule established for corporations." *Id.* at 189 (*citing Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456-57 (1900)).

7

The Supreme Court in *Americold Realty Trust v. Congra Foods, Inc.*, 136 S.Ct. 1012, 1015 (2016), likewise refused to extend the corporate citizenship rule to artificial entities other than corporations. The Supreme Court affirmed the Tenth Circuit's application of the non-corporate citizenship rule to determine the plaintiff's citizenship for purposes of diversity jurisdiction. *Id.* The Supreme Court reasoned that Congress "never expanded [the corporate] grant of citizenship to include artificial entities other than corporations." *Id.* The Supreme Court concluded that courts must adhere to the "oft-repeated rule that diversity jurisdiction" for unincorporated entities "depends on the citizenship of all its members." *Id.* (*quoting Chapman v. Barney*, 129 U.S. 677, 682 (1889) (internal quotations omitted)).

LHC argues that Montana's Act somehow automatically designates an LLC organized and registered in Montana as a citizen of Montana for purposes of § 1332. The Act fails to affect how a federal court must treat a Montana LLC for purposes of analyzing diversity jurisdiction under § 1332. *Carden*, 494 U.S. at 189. As recognized by the Supreme Court in *Americold Realty Trust*, it remains the province of Congress, not a state legislature, to decide whether to extend the "grant of corporate citizenship to include artificial entities other than corporations" for purposes of § 1332. *Americold Realty Trust*, 136 S.Ct. at 1015. Congress has

yet to include an LLC as a corporate form for purposes of diversity jurisdiction under § 1332.

The Court must treat an LLC like a partnership for purposes of evaluating diversity jurisdiction. *Johnson*, 437 F.3d at 899. A partnership possesses the citizenships of all of its members for purposes of § 1332. *Carden*, 494 U.S. at 195-196. LHC, as an LLC, likewise possesses the citizenship of all of its members for purposes of § 1332. LHC's citizenship, for purposes of determining diversity jurisdiction under § 1332, will be determined by the citizenship of its sole member LE Subtenant. *Johnson*, 437 F.3d at 899. LE Subtenant is a citizen of Minnesota. Accordingly, LHC is a citizen of Minnesota for purposes of § 1332. As a result, complete diversity exists between the parties and LHC's motion to dismiss based on lack of diversity jurisdiction must be denied. The controlling Ninth Circuit authority in *Johnson* and the Supreme Court's decisions in *Carden* and *Americold Realty Trust* eliminate the need to evaluate LHC's constitutional claims.

## Failure to State a Claim

Welcov contends that Durbin's Fourth Amended Complaint must be dismissed for failure to state a claim against Welcov. The Court must take as true all allegations of material fact in the Fourth Amended Complaint on a motion to dismiss for failure to state a claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F. 3d 780, 782-83 (9th Cir. 1996). The Court also must

9

construe these allegations in the light most favorable to the plaintiff. *Id.* The Fourth Amended Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Durbin can prove no set of facts in support of his claim that would entitle him to relief. *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994). The Court may dismiss the Fourth Amended Complaint as a matter of law for lack of a cognizable legal theory, or the pleading of insufficient facts under an otherwise cognizable legal claim. Fed. R. Civ. P. 12(b)(6).

The Fourth Amended Complaint alleges that Joan Durbin fell twice while she was a resident at The Villa. (Doc. 103, ¶¶ 12-13). The Fourth Amended Complaint further alleges that LHC and Welcov jointly operate, possess, and control the conditions of the premises of The Villa. (Doc. 103, ¶¶ 6-7). Taken as true, these facts demonstrate LHC and Welcov own and control the premises where Durbin experienced her injuries.

The Fourth Amended Complaint further alleges that LHC and Welcov knew that Ms. Durbin was a smoker while she was residing at The Villa. (Doc. 103, ¶ 15). The Villa required Ms. Durbin to smoke outside in Montana winter conditions. (Doc. 103, ¶ 15). The Fourth Amended Complaint alleges that Ms. Durbin's falls occurred while she was smoking in an area immediately outside The Villa. (Doc. 103, ¶ 14-15). The Fourth Amended Complaint further alleges that this outdoor area was icy, snowy, and slippery. (Doc. 103, ¶ 14). The Fourth

Amended Complaint alleges that Ms. Durbin fell on the property LHC and Welcov control. (Doc. 103, ¶¶ 12-13). The Fourth Amended Complaint alleges that both falls, and the snowy, icy, and slippery conditions of the designated smoking area, were known to the operators of The Villa. (Doc. 103, ¶¶ 12-13, 21).

These allegations, taken as true, clearly establish a cognizable legal claim of negligence resulting in injury under Montana law. *See Busta v. Columbus Hosp. Corp.*, 916 P.2d 122, 136-141 (1996) (setting forth the elements of negligence). The Fourth Amended Complaint alleges that Welcov and LHC owned and operated The Villa. The Fourth Amended Complaint alleges Welcov and LHC, as owners of The Villa, owed a duty to its residents to maintain a safe living area. (Doc. 103, ¶¶ 6-7). The Fourth Amended Complaint alleges that Welcov and LHC, as owners of The Villa, breached this duty when they failed to maintain a safe environment. (Doc. 103, ¶¶ 12-21). The Fourth Amended Complaint further alleges that this breach resulted in Ms. Durbin's injuries and damages associated with the injuries. (Doc. 103, ¶¶ 13-22).

Taking all allegations provided in Durbin's Fourth Amended Complaint as true, the Court determines that Durbin sufficiently alleges a cognizable legal theory based on the facts pled. *See Busta*, 916 P.2d 122. Durbin's Fourth Amended Complaint survives Welcov's motion to dismiss for failure to state a claim.

Welcov remains free to bring a motion for summary judgement on the same issue once the parties have further developed the record. Fed. R. Civ. P. 56.

## **ORDER**

Accordingly, IT IS ORDERED that defendant LHC's motion to dismiss the Fourth Amended Complaint for lack of subject matter jurisdiction (Doc. 112) is DENIED. IT IS ORDERED defendant Welcov's motion to dismiss the Fourth Amended Complaint for failure to state a claim (Doc. 110) is DENIED.

DATED this 9th day of October, 2018.

_/s/ Brian Morris_
Brian Morris
United States District Court Judge